# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 27, 2011

No. 11-50183
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FILIBERTO FIGUEROA RIVERA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:10-CR-2719-1

Before REAVLEY, SMITH and PRADO, Circuit Judges.

PER CURIAM:[*]

Filiberto Figueroa Rivera appeals the 46-month concurrent sentences of imprisonment imposed following his guilty plea convictions of illegal reentry of the United States after deportation and false personation in immigration matters. He contends that his within-guidelines sentence was greater than necessary to satisfy the sentencing goals set forth in 18 U.S.C. § 3553(a) and, thus, it was substantively unreasonable.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-50183

More specifically, Figueroa Rivera argues that the illegal reentry guideline, U.S.S.G. § 2L1.2, is flawed because it lacks an empirical basis. He contends that, by double counting his prior alien transportation offense, the guidelines overstated the necessary sentence. He maintains that the guidelines did not accurately reflect the seriousness of his illegal reentry offense, which he characterizes as an international trespass. Finally, Figueroa Rivera argues that the guidelines range failed to account for the circumstances of his offense and his personal history. In this regard, he contends that his offense is mitigated by the fact that he is a good and hardworking father who reentered the United States because he missed his children.

"A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable." *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008). "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks,* 589 F.3d 173, 186 (5th Cir. 2009), *cert. denied,* 130 S. Ct. 1930 (2010). As Figueroa Rivera acknowledges, his contention that a presumption of reasonableness should not apply to a sentence within the guideline range because § 2L1.2 is not supported by empirical data is foreclosed. *See United States v. Duarte,* 569 F.3d 528, 529-31 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 367 (5th Cir. 2009).

Figueroa Rivera's reliance on his good motive for reentering the United States is insufficient to rebut the presumption of reasonableness, as are his contentions that the illegal reentry guideline lacks an empirical basis and that the guidelines overstate the seriousness of his offense. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). "A defendant's disagreement with the propriety of the sentence imposed does not suffice to rebut the presumption of reasonableness that attaches to a within-guidelines

sentence." *United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010). Figueroa Rivera has not rebutted the presumption of reasonableness. *See Cooks*, 589 F.3d at 186.

AFFIRMED.